132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 No. 97-55462.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California Napoleon A. Jones, District Judge, Presiding
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Johnson, a California state prisoner, appeals pro se the district court's grant of summary judgment ill favor of prison officials in his 42 U.S.C. § 1983 action claiming violations of his constitutional rights during a fight at Calipatria State Prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district courts grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Johnson was involved in a fight with another inmate. Upon observing the fight, one correctional officer yelled "fight," and activated an alarm. As the fracas ensued, all inmates in the unit were ordered to "get down" and the combatants were repeatedly ordered to stop fighting. When the order to stop was ignored, one shot was fired by Correctional Officer Martin into the right buttock of Johnson.
 
 
 4
 Because Johnson failed to provide any evidence that the prison officials were aware of and disregarded an excessive risk to his safety, we conclude that the district court properly granted summary judgment on his claim that the officers were deliberately indifferent to his safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir.1995).
 
 
 5
 Because Johnson failed to present any evidence to establish that the actions of the prison officials were malicious and sadistic, the district court properly granted summary judgment on his claim that the officers used excessive force. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986).
 
 
 6
 Finally, to the extent that Johnson contends that prison officials falsified incident reports in an effort to maintain the "cruel and corrupt operation," in violation of his due process rights, the district court properly entered summary judgment.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4, Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3